RICH PARBS,

                    Plaintiff,

vs.                                    Case No. 2:09-CV-343-FtM-29DNF

UNITED STATES

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant United States of America's Dispositive Motion to Dismiss (Doc. #7) filed on June 4, 2009. Defendant United States seeks dismissal of the case due to lack of subject matter jurisdiction. The United States argues that the Court lacks subject matter jurisdiction because plaintiff's claim is barred by sovereign immunity, since it is a tort claim falling outside the scope of the Federal Tort Claims Act (FTCA). More specifically, the United States submits that plaintiff's Complaint (Doc. #2) falls outside the jurisdictional scope of the FTCA "because (1) the FTCA waiver does not apply to fraud claims like the one alleged by Plaintiff in this case, and (2), even if it did, Plaintiff's failure to present an administrative claim to the USPS is fatal." (Doc. #7, p. 5.) Plaintiff was advised of the necessity to file a response (Doc. #10, p. 4), but no response has been filed and the time to do so has expired.

Rich Parbs (plaintiff or Parbs) sued Ted Beckowski (Beckowski) and Doug Diaz (Diaz) (collectively, defendants) in Lee County Small Claims Court on April 24, 2009, for $500. (Doc. #2.) The two-sentence Complaint alleged that both defendants created "false documents/data entries" that wrongly caused plaintiff to have a "bogus debt" on leave and earning statements with his employer, the United States Postal Service (USPS). (Doc. #2.)

On May 27, 2009, defendants filed a Notice for Removal (Doc. #1) in accordance with 28 U.S.C. § 2679(d)(2) indicating that plaintiff's Complaint arose from actions related to defendants' scope of employment at the USPS. Pursuant to defendant's motion to substitute parties (Doc. #4), the Court then substituted the United States as the sole defendant for initial defendants Beckowski and Diaz. (Doc. #11.) The United States filed a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss (Doc. #7) based on plaintiff's failure to allege subject matter jurisdiction for his claim against the United States.

Following the Court's Order granting the substitution of parties with the United States (Doc. #11), plaintiff filed a Motion to Continue (Doc. #12) alleging that defendants were acting outside the scope of employment and that administrative remedies had been exhausted. The motion, which asked for remand of the action to state court, included no case law or statute citations to support

its argument.   The magistrate judge construed the plaintiff's motion as one for reconsideration of substitution and remand to state court, which the Court accordingly denied.  (Doc. #16.)

## II.

A *pro se* plaintiff's complaint must be liberally construed and is held to less stringent pleading standards, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but such leniency comes only after meeting jurisdictional requirements.  Bolden v. Odum, 695 F.2d 549, 550 (11th Cir. 1983).  Any party or the court itself may raise a question of subject matter jurisdiction at any point during litigation.  Arbaugh v. Y&H Corp., 546 U.S. 500, 506-07 (2006) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)).  In a facial attack on subject matter jurisdiction, a court merely looks at the factual allegations of the complaint to see if the assumed facts satisfy a basis for subject-matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Even construed liberally, plaintiff's Small Claims Division Complaint and Motion to Continue documents (Docs. ## 2, 12) fail to allege federal jurisdiction or meet claim requirements under Federal Rule of Civil Procedure 8(a).  The Complaint does not provide grounds to proceed with the action against the United States within a waiver of sovereign immunity.  Therefore, the Complaint will be dismissed on this basis.  The Court will, however, provide plaintiff with an opportunity to file an amended

complaint in order to properly allege federal jurisdiction.

**III.**

As plaintiff is proceeding *pro se*, the Court will take this opportunity to further explain some of the responsibilities and obligations that he bears as a *pro se* party. In filing an amended complaint, plaintiff must conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The plaintiff should title the document, "Amended Complaint." In the body of the Amended Complaint, plaintiff should clearly describe how each person is involved in the alleged claim. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper, however, for plaintiff to merely list constitutional rights or federal or state rights and/or statutes. Plaintiff must also provide support in the statement of facts for each of the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must provide support for each of the alleged claims by stating facts sufficient to provide plausible grounds for his claim entitlement to relief.

Plaintiff must address subject matter jurisdiction, as defendant argues that the claim may fall outside the scope of the FTCA "because (1) the FTCA waiver does not apply to fraud claims

like the one alleged by Plaintiff in this case, and (2), even if it did, Plaintiff's failure to present an administrative claim to the USPS is fatal." (Doc. #7, p. 5.) The Amended Complaint should address subject matter jurisdiction by showing that the claim's nature falls within the scope of the FTCA (or some other federal law) and that plaintiff has exhausted his administrative remedies to the claim.

Accordingly, it is now

**ORDERED:**

Defendant United States of America's Motion to Dismiss (Doc. #7) is **GRANTED** and the Complaint is **dismissed without prejudice** with leave to file an "Amended Complaint" within **TWENTY-ONE (21) DAYS** of this Opinion and Order and in compliance with the Court's directions.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of March 2010.

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
Plaintiff